

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 14, 2019

Douglas C. Palmer
Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Almerdaei, et al. v. Trump, et al.*, 19-cv-830 (Kuntz, J.)
            *Alharbi, et al. v. Miller, et al.*, 18-cv-2435 (Cogan, J.)

Dear Mr. Palmer:

Pursuant to Local Civil Rule 1.6(a), Defendants respectfully request that the above-captioned actions be marked as "related," as both actions arise from the same events and involve substantially similar facts, and relating them would result in a substantial saving of judicial resources. Defendants further request that *Almerdaei et al. v. Trump et al.*, 19-cv-830 be re-assigned to the Honorable Brian M. Cogan, United States District Judge, who is currently handling, and has been handling since April of last year, *Alharbi, et al. v. Miller, et al.,* 18-cv-2435.

### A. Relevant Rules for Related Cases

Pursuant to Local Civil Rule 1.6(a), "[i]t shall be the continuing duty of each attorney appearing in any civil or criminal case to bring promptly to the attention of the Court all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort." Further, "[a]s soon as the attorney becomes aware of such relationship, said attorney shall notify the Judges to whom the cases have been assigned." *Id.*

Additionally, under Rule 50.3.1(a) of the Guidelines for the Division of Business Among District Judges in the Eastern District of New York ("Guidelines"), which were adopted pursuant to 28 U.S.C. § 137, "[a] civil case is 'related' to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge."

Pursuant to Rule 50.3.1(e) of the Guidelines, "[c]ases which have been judicially determined to be related shall be assigned by the clerk to the judge to whom was assigned the case with the lowest docket number in the series of related cases."

B. **Factual Similarities Between the Two Cases**

The core factual issues underlying both of these cases significantly overlap and arise out of Presidential Proclamation 9645 ("the Proclamation"). Plaintiffs in both cases are U.S. citizens and their Yemeni-national family members. The latter have begun consular processing in Djibouti for family-based visas to immigrate to the United States and are either awaiting a visa interview, have been denied a visa under the Proclamation and are waiting for adjudication of a waiver request, or have been denied a waiver and a visa. Plaintiffs seek to have this Court order Defendants to either expedite the interview process or revisit and overturn adjudications of specific visa decisions made pursuant to the Proclamation, and allege that Defendants' delay in processing a number of visa applications, and corresponding waivers, is unlawful. *Compare Alharbi*, No. 1:18-cv-02435, Dkt. 68, ¶ 5 (E.D.N.Y. Sept. 11, 2018) ("*Alharbi* Compl.") (alleging that "Defendants [engaged in a] purposeful and routine scheme of delaying immigrant visa applications for Yemen nationals."); *id.* at 106 ("the Plaintiffs request the Court to … [m]andate that Defendants correctly adjudicate Plaintiffs' immigrant visa applications ….") *with Almerdaei*, No. 1:19-cv-00830, Dkt. 1 at 73 (E.D.N.Y. Feb. 11, 2019) ("*Almerdaei* Compl.") ("Plaintiffs request the Court to … [i]ssue a declaratory judgment directing Defendants to adjudicate Plaintiffs' applications … and issue a final determination on Plaintiffs' applications for immigrant visas within 15 days [and] [d]eclare that … the delay in adjudicating Plaintiffs' visa applications is unreasonable."). It is therefore unsurprising that the *Almerdaei* Complaint contains multiple references to supporting evidence submitted with the *Alharbi* complaint. *See Almerdaei* Compl., ¶¶ 69, 82, 108.

In addition, one individual is named as a plaintiff in both lawsuits based on the same predicate facts, reinforcing the considerable overlap between the two cases. *Compare Alharbi* Compl., ¶¶ 438-442 ("Plaintiff Abdo Saleh filed a Form I-130 Petition for his son, Ali Saleh …. Plaintiff Abdo Saleh desperately needs to be reunited with his son, Plaintiff Ali Saleh, so that his son can take care of his aging parent in the U.S.") *with Almerdaei* Compl., ¶¶ 125-129 ("Plaintiff-Petitioner Abdo Ali Saleh filed a Form I-130 Petition on behalf of his Beneficiary Son originally in 1994 and it has been delayed for years …. Plaintiff Abdo Ali Saleh has a history of stroke and is constantly worried about his son and grandchildren's safety.").

During the hearing on Plaintiffs' motion for a Temporary Restraining Order ("TRO") in *Almerdaei*,[1] Plaintiffs' counsel suggested that the facts of *Alharbi* are distinct because a number of the Plaintiffs in that case received "approval notices" with respect to their visa applications. In *Alharbi*, however, over 100 Plaintiffs' claims for relief solely arise out of the adjudication of immigrant visa applications by consular officers at the U.S. Embassy in Djibouti, including those officers' consideration of the Plaintiffs' eligibility for waivers under the Proclamation. Twenty-seven Plaintiffs in *Alharbi* had their immigrant visa applications refused based on the Proclamation and are undergoing consideration or reconsideration for a waiver, or have not yet cleared the security vetting and screening necessary to (re)assess their eligibility for a discretionary Proclamation waiver. *See Alharbi*, No. 1:18-cv-02435, Dkt. 72 at 59-61, Appendix E (E.D.N.Y. Nov. 2, 2018). These Plaintiffs have not alleged that they ever received an "approval notice" or else have not attached to the Amended Complaint admissible evidence that they ever received such a document.

---

[1] The Court denied Plaintiffs' request for a TRO.

2

**C.     Similarity of Legal Issues**

Beyond the factual similarities, both Complaints assert identical causes of action: (1) violation of the Administrative Procedure Act; (2) violation of the Immigration and Nationality Act ("INA"); (3) a Fifth Amendment Procedural Due Process Violation; (4) a Fifth Amendment Substantive Due Process Violation; (5) a Ninth Amendment Violation; (6) a putative claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); (7) a Writ of Mandamus; (8) a declaration that Defendants have violated federal regulations and Plaintiffs' rights; and (9) costs under the Equal Access to Justice Act ("EAJA"). *Compare Alharbi* Compl. at 9, 87-91, 93-95, 99-104, 107 *with Almerdaei* Compl. at 60-73.

Moreover, the bases for a significant number of these causes of action is the same in both cases. For example, Plaintiffs allege that Defendants have run afoul of the nondiscrimination clause of the INA in their implementation of the Proclamation. *Compare Alharbi* Compl., ¶¶ 533-540 *with Almerdaei* Compl., ¶¶ 306, 316. Similarly, in both cases, Plaintiffs' substantive due process claim is based upon the alleged impingement on Plaintiffs' fundamental right to interact with their respective families free of governmental interference. *Compare Alharbi* Compl., ¶ 605 *with Almerdaei* Compl., ¶ 326. The same is true of Plaintiffs' procedural due process claims brought under the Fifth Amendment, *compare Alharbi* Compl., ¶ 561 ("Defendants' unlawful refusal of Plaintiffs-Beneficiaries' previously approved immigrant visas constitutes a de facto deprivation of Plaintiffs['] constitutionally protected liberty interests under the Fifth Amendment of the United States Constitution.") *with Almerdaei* Compl., ¶ 318 ("Defendants' improper denial of immigrant visas despite the fact that Plaintiffs qualify for waivers under the Proclamation constitutes a de facto deprivation of Plaintiffs['] constitutionally protected liberty interests under the Fifth Amendment of the United States Constitution."), as well as Plaintiffs' claims brought under the Ninth Amendment. *Compare Alharbi* Compl., ¶¶ 599-600 *with Almerdaei* Compl., ¶ 332.

The Government has moved to dismiss the Amended Complaint in *Alharbi* (and to correspondingly vacate the preliminary injunction), and that motion is fully briefed and awaiting decision by Judge Cogan. Given the factual and legal overlap between *Almerdaei* and *Alharbi*, the arguments the Government will make in opposition to the motion for preliminary injunction in *Almerdaei,* and eventually in support of the motion to dismiss that case, will be substantially identical to arguments already made in *Alharbi*. To avoid duplicative litigation and a waste of resources, a single judge should decide these common legal issues.

**D.     Conclusion**

Since Judge Cogan is assigned to the matter with the lowest docket number, and since *Alharbi* has progressed to the point where the parties have briefed Defendants' motion to dismiss, Defendants respectfully ask that *Almerdaei* be reassigned to Judge Cogan.

Finally, as required by Rule 50.3.1(e) of the Guidelines, the undersigned reached out to Julie Goldberg, Plaintiffs' counsel in each of the above-captioned actions, who indicated that she opposes having the cases marked as related or reassigned to Judge Cogan.

Defendants thank the Court for its consideration of this matter.

                                                  Respectfully submitted,

        JOSEPH H. HUNT
Assistant Attorney General
Civil Division

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

GISELA A. WESTWATER
Assistant Director

STACEY I. YOUNG
Senior Litigation Counsel

F. FRANKLIN AMANAT
Senior Counsel
United States' Attorney's Office
Eastern District of New York

   /s/ {FILED ELECTRONICALLY}
ARCHITH RAMKUMAR
Trial Attorney
Office of Immigration Litigation
District Court Section
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-8085
Facsimile: (202) 305-7000
Email: Archith.Ramkumar@usdoj.gov

**cc:**    BY E.C.F.
Chief Judge Dora L. Irizarry
Judge William F. Kuntz II
Judge Brian M. Cogan

Julie Goldberg, Esq. (Attorney for Plaintiffs in 19-cv-830 and 18-cv-2435).