UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

SUOOD ALMERDAEI, et al.,

             Plaintiffs,                                          **ORDER**
                                                                         19-CV-830(EK)
      -against-

Donald J. TRUMP, et al.,

             Defendants.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

        The Plaintiffs in this case are Yemeni nationals who applied for immigrant visas and their U.S.-citizen sponsors. When the case was filed, the Plaintiffs were subject to Presidential Proclamation No. 9645, 82 Fed. Reg. 45161 (Sept. 24, 2017) ("PP 9645"). That proclamation, while it remained in effect, "restrict[ed] entry of [Yemeni] nationals seeking immigrant visas and nonimmigrant business or tourist visas," *see Trump v. Hawaii*, 138 S. Ct. 2392, 2405 (2018); but at the same time it provided consular officers with authorization to issue "waivers" from the visa ban on a case-by-case basis.

        In bringing this action, Plaintiffs alleged that the "waiver adjudication process" under PP 9645 was "fraudulent," *see* Am. Compl. at 3. They sought, among other relief, a declaration that the State Department, Department of Homeland Security, and other defendants' "actions and inactions including

1

the lack of clarity surrounding the adjudication of waivers . . . is unreasonable and violates" the Administrative Procedure Act. *Id*. at 59. The Amended Complaint seeks a writ of mandamus requiring the Department of Homeland Security to "set up a specific guideline and application process for the waiver with a set adjudication time," *id.*, and enjoining "the U.S. Embassy in Djibouti from denying immigrant visas for those who qualify for the waiver under the Proclamation." *Id.*

PP 9645 has since, however, been revoked in its entirety — both the visa ban and the provision allowing waivers therefrom. *See* Presidential Proclamation No. 10141, 86 Fed. Reg. 7005 (Jan. 20, 2021) ("PP 10141"). In light of PP 10141, the Court ordered Plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction — more specifically, why the repeal of the proclamation has not mooted the instant claims.

### I. Mootness Doctrine

"Article III, Section 2 of the Constitution limits the subject matter jurisdiction of the federal courts to the resolution of 'cases' and 'controversies.'" *Town of Babylon v. Fed. Housing Auth.*, 699 F.3d 221, 228 (2d Cir 2012). "The controversy between the parties must be a live one at all stages of federal court proceedings as a prerequisite to federal court jurisdiction." *Harrison & Burrowes Bridge Constructors, Inc. v.*

2

*Cuomo*, 981 F.2d 50, 59 (2d Cir. 1992) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472 (1990)).  "When the issues in dispute between the parties are no longer live, a case becomes moot, and the court — whether trial, appellate, or Supreme — loses jurisdiction over the suit, which therefore must be dismissed." *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005) (cleaned up).

## II.  Discussion

Under PP 9645, a counselor officer could grant a waiver from the visa ban to a foreign national who demonstrated (a) undue hardship, (b) that his or her entry was in the national interest, and (c) that it would not pose a threat to public safety.  PP 9645 § 3(c)(i).  Plaintiffs sought an order declaring that "the Defendants' actions . . . surrounding the adjudication of waivers" violated the Administrative Procedure Act, Immigration and Nationality Act, and the Fifth Amendment of the U.S. Constitution.  They asked the Court to "[i]nstruct that DHS set up a specific guideline and application process for the waiver with a set adjudication time," and enjoin the U.S. Embassies in Djibouti and Malaysia "from denying immigrant visas for those who qualify for the waiver."  Am. Compl. at 59.  Plaintiffs also sought a judgment directing the Defendants to "adjudicate Plaintiffs' applications and issue a final

3

determination on Plaintiffs' applications for immigrant visas within 15 days." *Id*.

The claims for injunctive relief related to the implementation of the waiver process have been mooted by the withdrawal of the proclamation: there is simply no longer any conduct to enjoin. *E.g., Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)); *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) ("The real value of [a] judicial pronouncement — what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion — is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*."). This Court cannot instruct the Department of Homeland Security to "set up a specific guideline and application process for the waiver with a set adjudication time," for example, when the waiver at issue is encapsulated in a presidential proclamation that is no longer on the books. *See Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.*, 404 U.S. 412, 415 (1972) ("The only relief sought in the complaint was a declaratory judgment that the now repealed [statute] is

4

unconstitutional . . . and an injunction against its application . . . . This relief is, of course, inappropriate now that the statute has been repealed."); *Kremens v. Bartley*, 431 U.S. 119, 129 (1977) (repeal of challenged statute rendered the case moot); *see also Lamar Advert. of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 376 (2d Cir. 2004) ("[C]onstitutional challenges to statutes are routinely found moot when a statute is amended.").

Other Circuits have reached the same conclusion, finding similar challenges to PP 9645 to be moot. *See, e.g.*, *Kavoosian v. Blinken*, No. 20-55325, Dkt. 30 (9th Cir. Feb. 9, 2021) (dismissing as moot appellants' challenge of PP 9645's waiver provision and rejecting the argument that the case fell within the "capable of repetition yet evading review" doctrine); *Arab-Am. C.R. League v. Trump*, No. 19-2375, Dkt. 56-2 (6th Cir. Feb. 10, 2021) (granting the parties' joint motion to dismiss a challenge of PP 9645 as moot).

In opposing dismissal, Plaintiffs argue that the Court can still direct the Defendants to adjudicate Plaintiffs' visa applications. They note that the new proclamation — PP 10141 — requires the Secretary of State to propose, within forty-five days, a plan to "ensure that individuals whose immigrant visa applications were denied on the basis of" PP 9645 "have their applications reconsidered." Plaintiffs contend that this Court

5

should not dismiss the instant action until "Defendants deliver a concrete plan . . . and Plaintiffs are scheduled for an interview."  Pls.'s Letter of Feb. 18, 2021, ECF No. 146.

Any challenge to the Secretary of State's plan (or lack of a plan) for such reconsideration under PP 10141, however, would be an entirely new case bearing little or no resemblance to this one.  Plaintiffs' complaint does not say anything about the forty-five-day requirement under PP 10141 — nor could it have, given that the requirement was not in effect when the complaint was filed.

Plaintiffs rely on *Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656 (1993), in opposing dismissal, but that case is inapposite.  In *Northeastern*, the Supreme Court invoked the "voluntary cessation" doctrine in declining to hold the challenge to a repealed city ordinance moot.  Though the city had repealed the challenged ordinance there, it had replaced it with a new ordinance that "disadvantage[d] [petitioner] in the same fundamental way."  *Id.* at 660-62.  The Court declined to hold that the challenge was moot because the city had already indicated its intention to continue the challenged conduct.  *Id.* at 662.  Here, in contrast, the new proclamation is of a different — indeed, opposite — nature entirely from the one it replaced.  *Cf. id.* at 662 n.3 (if the

6

law at issue is "changed substantially," there is "no basis for concluding that the challenged conduct [is] being repeated"). Plaintiffs' reliance on *Northeastern* is thus unavailing.

### III. CONCLUSION

For the foregoing reasons, this action is dismissed as moot. The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

                         /s Eric Komitee
                         ERIC KOMITEE
                         United States District Judge

Dated:    March 12, 2021
            Brooklyn, New York